IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| DARIEN L. | * |
|  | * |
| Plaintiff, | * |
|  | * |
| v. | *   Civil Case No. RDB-19-2843 |
|  | * |
| ANDREW SAUL, | * |
| Commissioner of Social Security, | * |
|  | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

Pursuant to Standing Order 2014-01, this Social Security appeal has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF No. 4. I have considered the Commissioner's motion to dismiss. ECF No. 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, I recommend that the Commissioner's motion be denied and that a scheduling order be set.

On September 27, 2019, plaintiff, proceeding *pro se*, filed a complaint against the Social Security Administration ("SSA"). ECF No. 1. On December 16, 2019, the SSA filed its answer in the form of the Administrative Transcript and the filing schedule for this case was set. ECF No. 11. Plaintiff's motion for summary judgment was due by February 14, 2020. *Id.* Plaintiff's filing deadline was suspended for 84 days under Standing Order 2020-07 in response to the pandemic. The new deadline for plaintiff's motion for summary judgment was May 8, 2020. Plaintiff did not file a motion for summary judgment. On July 7, 2020, the Commissioner filed a motion to dismiss for failure to prosecute. ECF No. 13. On July 8, 2020, the Clerk's Office mailed a Rule 12/56

letter to plaintiff advising him that failure to oppose the Commissioner's motion could result in dismissal of his case.  ECF No. 14.  Plaintiff did not file a response.

Even though plaintiff has not filed a response to the Commissioner's motion to dismiss, I do not recommend dismissal.  In *Brown v. Comm'r, Soc. Sec. Admin.*, No. CCB–13–2743, 2014 WL 2919351, at *1 (D. Md. June 26, 2014), then-Magistrate Judge Gallagher considered the same question presented here.  The plaintiff missed the deadline for filing a motion for summary judgment.  Judge Gallagher observed that other judges in this District and elsewhere have dismissed appeals when a *pro se* plaintiff has not filed a dispositive motion, but she took a different position.  Judge Gallagher found that it was not "appropriate to require a *pro se* plaintiff to file a dispositive motion in order to adjudicate a Social Security appeal."  *Id*. at *1.  She noted that "*pro se* plaintiffs have written informal letters, have submitted medical records with no cover letter or memorandum, or have filed no additional documentation prior to the adjudication of their appeals." *Id*.  She concluded that the Court can address the merits of a *pro se* plaintiff's appeal based on the transcript of the administrative proceedings and the Commissioner's motion for summary judgment. *Id*.  Since *Brown*, many *pro se* Social Security appeals in this District have been decided on the merits even though the plaintiff has not filed a motion for a summary judgment.  *See, e.g.*, *Charles B. v. Saul*, Civil No. DLB-19-2624, 2020 WL 3843523 (D. Md. July 8, 2020); *Latisha G. v. Comm'r, Soc. Sec. Admin*., Civil No. DLB-19-638, 2020 WL 807117 (D. Md. Feb. 18, 2020); *Reuben B. v. Comm'r, Soc. Sec. Admin*, Civil No. DLB-19-773, 2019 WL 5963917 (D. Md. Nov. 13, 2019); *Steven M. v. Comm'r, Soc. Sec. Admin*, Civil No. SAG-18-2227, 2019 WL 1501583 (D. Md. Feb. 25, 2019).

The Court's analytical framework is the same for all *pro se* plaintiffs whether they file a motion for summary judgment or not.  The Court reviews whether the SSA's decision is supported

by substantial evidence and whether correct legal standards were applied.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). The Fourth Circuit recently affirmed a decision of this Court in which the Court applied this analytical framework to a *pro se* plaintiff's case. *Taccino v. Comm'r, Soc. Sec. Admin.*, Civil Case No. GLR-14-2112, 2017 WL 6275916, at *1 (D. Md. Dec. 11, 2017) (citing *Elam*, 386 F. Supp 2d at 753), *Report and Recommendations Adopted*, 2018 WL 2118536 (D. Md. Jan. 18, 2018), *aff'd sub nom*. *Taccino v. United States*, 729 Fed. App'x 259 (4th Cir. 2018) (unpublished) (affirming "for the reasons stated by the district court").

In conclusion, I agree with Judge Gallagher's reasoning in *Brown*. The Court can review the administrative record for legal error and substantial evidence whether the plaintiff files a motion for summary judgment, an informal handwritten letter, medical records, or nothing at all. Therefore, I recommend that the Commissioner's motion be denied, and that the following scheduling order be set:

Defendant's Motion for Summary Judgment
    and supporting memorandum of law……………………………....…..November 2, 2020

Plaintiff's Reply Memorandum…………………………………....………November 23, 2020

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: September 3, 2020                                              ____/s/_____
                                                                                          Deborah L. Boardman
                                                                                          United States Magistrate Judge