**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 27, 2021

LETTER TO THE PARTIES

      RE:    *Darien L. v. Andrew Saul, Commissioner of Social Security*;
                Civil No. SAG-19-2843

Dear Plaintiff and Counsel:

      On September 27, 2019, Plaintiff Darien L., proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income. ECF 1. I have considered the SSA's Motion for Summary Judgment, in addition to arguments made by Plaintiff's prior attorney during and following his administrative hearing.[1] ECF 18; Tr. 52-86. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the SSA's motion and remand the case to the SSA for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff filed his claim for benefits on May 4, 2016, alleging a disability onset date of June 1, 2013. Tr. 182. His claim was denied initially and on reconsideration. Tr. 113-15, 122-23. A hearing before an Administrative Law Judge ("ALJ"), at which Plaintiff was represented by counsel, was held on February 20, 2018. Tr. 51-86. Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 30-44. The Appeals Council granted Plaintiff's request for review based on Plaintiff's timely assertion of a challenge under the Appointments Clause of the Constitution. Tr. 178-81; *see* U.S. Const. art. II, § 2, cl. 2; *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). Two Administrative Appeals Judges ("AAJs"), whose appointments the Commissioner "adopted as [his] own on July 16, 2018," independently found Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 4-19. The AAJs' decision constitutes the final, reviewable decision of the SSA. Tr. 1.

      The AAJs found that Plaintiff suffered from the severe impairments of "major depressive disorder, bipolar disorder, and learning disorder." Tr. 28-29. Despite these impairments, the AAJs determined that Plaintiff retained the residual functional capacity ("RFC") to:

---

[1] After the SSA filed its motion, the Clerk's Office sent a Rule 12/56 letter to Plaintiff, which advised him of the potential consequences of failing to oppose the dispositive motion. ECF 19. Plaintiff did not file a response.

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember and carryout (sic) simple instructions. He can have occasional contact with supervisors, coworkers and the public. He would be precluded from production-rate pace and would be expected to be off-task, in addition to normal breaks, for ten percent of the workday due to symptoms related to anxiety and anger, which would negatively affect concentration.

Tr. 9-10. After considering the testimony of a vocational expert ("VE"), the AAJs determined that Plaintiff had no past relevant work but could perform other jobs existing in significant numbers in the national economy. Tr. 16-17. Accordingly, the AAJs concluded that Plaintiff was not disabled. Tr. 17-18.

I have carefully reviewed the AAJs' opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the agency's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the agency's findings).

The AAJs proceeded in accordance with applicable law at the first three steps of the sequential evaluation. First, the AAJs ruled in Plaintiff's favor at step one, determining that Plaintiff had not engaged in substantial gainful activity since his application date. Tr. 7; *see* 20 C.F.R. § 416.920(a)(4)(i). At steps two and three, the AAJs considered the severity of each of the impairments that Plaintiff claimed prevented him from working, finding Plaintiff's mental impairments severe but his physical impairments non-severe. *See* Tr. 7; 20 C.F.R. § 416.920(a)(4)(ii). The AAJs properly employed the special technique to assess the severity of Plaintiff's mental impairments. *See* Tr. 7-9; 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2018). Further, the AAJs properly considered whether Plaintiff's mental impairments met or equaled a listing, finding they did not. *See* Tr. 7-9.

The AAJs, however, committed harmful error at step four of the sequential analysis. In determining Plaintiff's RFC, the AAJs concluded Plaintiff "would be precluded from production-rate pace [work] and would be expected to be off-task, in addition to normal breaks, for ten percent of the [work day] due to symptoms related to anxiety and anger, which would negatively affect concentration." Tr. 10. The AAJs provided no explanation for the conclusion that, at work, Plaintiff would be off task ten percent of the time. *See* Tr. 10-16.

"[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (2019). Accordingly, "[t]o pass muster, [AAJs] must 'build an accurate and logical bridge' from the evidence to their conclusions." *Arakas v. Cmm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)) (internal citation omitted).

*Darien L. v. Andrew Saul*
Civil No. SAG-19-2843
January 27, 2021
Page 3

Here, the AAJs found Plaintiff moderately limited in concentration, persistence, or pace. Tr. 8. During the RFC discussion, the AAJs cited evidence tending to show Plaintiff experienced some deficits in concentration, persistence, or pace. Tr. 10-16. Yet, nowhere in the RFC discussion did the AAJs cite any evidence that connected the ten percent finding to Plaintiff's mental limitations. *See* Tr. 10-16. In fact, the only points at which the AAJs referenced the ten percent limitation were in the actual RFC determination and a subsequent reiteration of that conclusion. *See* Tr. 10-16. Further, exactly how much time Plaintiff would be off task while working materially affects Plaintiff's claim because the VE testified that fifteen percent of time off task would preclude competitive employment. Tr. 83. Because the AAJs failed to explain how the record supported their conclusion that a ten percent off-task limitation accounted for Plaintiff's deficits in concentration, persistence, or pace, remand is necessary. *See, e.g.*, *Bibey v. Saul*, No. 19-cv-2690-JMC, 2020 WL 7694552 (D. Md. Dec. 28, 2020) ("an ALJ is not required to determine a percentage of time off-task…[but] where, as here, the evidence substantiates difficulty with sustained concentration and the ALJ renders a conclusion regarding a precise percentage, the ALJ must explain and support that conclusion with substantial evidence") (citing *Kane v. Cmm'r, Soc. Sec. Admin.*, No. SAG-17-1252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018)); *see Patterson v. Cmm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the [AAJs'] denial of benefits, this court may not affirm for harmless error.") (internal citation omitted).

In light of the AAJs' inadequate RFC assessment, I need not address whether the remainder of the AAJs' analysis complied with the relevant legal standards. In ordering remand for further consideration by the SSA, I express no opinion as to whether the AAJs' ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge